# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. TROTTER, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case number 4:03cv0317 CDP** |
| | ) | **TCM** |
| **DAVID DORMIRE and** | ) | |
| **JEREMIAH "JAY" W. NIXON,** | ) | |
| **Attorney General for the State of** | ) | |
| **Missouri,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM AND ORDER

Robert L. Trotter, Jr., a Missouri state prisoner serving an aggregate sentence of thirty-five years imprisonment, petitions this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on the grounds that (1) he was denied the effective assistance of trial counsel when counsel failed to present at trial the deposition testimony of a witness, Marlon Keaton, who had died before trial and (2) he was denied due process when the prosecutor knowingly introduced the false testimony of two witnesses, Diane Davis and Brian Hamilton. Pending is a motion to amend his petition to add three grounds: (1) the trial court erred in overruling his motion for judgment of acquittal on the first degree assault charges and related armed criminal action charges because there was no evidence that he did anything other than ram the truck of Marlon Keaton with his car; (2) the trial court erred in overruling his motion for judgment of acquittal on these same charges because the evidence was insufficient to prove beyond a reasonable doubt that he attempted to kill or cause serious injury when he

rammed Keaton's truck; and (3) his trial counsel was ineffective for failing to submit the proper jury instruction on third degree assault because Petitioner's only purpose for ramming Keaton's truck was to force him off the road so the two men could engage in an unarmed fist fight.

Respondents argue that Petitioner's motion for leave to amend his petition should be denied because none of the three grounds relate back to the two raised in his original petition and are, therefore, untimely. Petitioner disagrees.

Title 28 U.S.C. § 2244(d) provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's direct criminal appeal was denied by the Missouri Court of Appeals on February 15, 2000. He filed his motion for post-conviction relief on July 24, 2000. His appeal from the denial of that motion was denied on March 19, 2002. His motion for rehearing or transfer to the Missouri Supreme Court was denied on May 10. On March 11, 2003, Petitioner signed the instant § 2254 petition. He signed his motion to amend on August 31, 2004.

Clearly, if Petitioner's new grounds do not relate back to his original petition, they are untimely under § 2244(d).

"The 'relation back' doctrine derives from Federal Rule of Civil Procedure 15(c)." **Neverson v. Bissonnette**, 261 F.3d 120, 126 (1st Cir. 2001). Rule 15(c) provides in relevant part, that "[an amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" Fed.R.Civ.P. 15(c) (alterations added). <u>See</u> <u>also</u> **McKay v. Purkett**, 255 F.3d 660, 660 (8th Cir. 2001) (per curiam) (same); **United States v. Craycraft**, 167 F.3d 451, 457 (8th Cir. 1999) (noting that Federal Rules of Civil Procedure, including Rule 15(c), apply to habeas proceedings because they are civil in nature). "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statues of limitations were intended to provide.'" **Id.** (quoting <u>In re Bellanca Aircraft Corp.</u>, 850 F.2d 1275, 1283 (8th Cir. 1988)). Thus, if the grounds alleged in Petitioner's original § 2254 petition "cannot be said to have arisen out of the same set of facts as his amended claim[s], his amendment cannot relate back and his claim[s] must be time-

barred because they [were] filed after the statutory period of limitations."[1] **Id.** (alterations added).

The two grounds asserted in the original petition focus on the testimony, introduced or not, of the three victims, Keaton, Davis, and Hamilton. The three grounds asserted in the proposed amended petition focus on the nature of action taken by Petitioner when he rammed Keaton's truck. These three grounds do not, as required under Rule 15(c), relate back to the original grounds. See **McKay**, 255 F.3d at 661 (finding that amended claims of ineffective assistance of counsel did not relate back to original claims of trial court error); **Craycraft**, 167 F.3d at 457 (finding that amended claims of ineffective assistance of counsel for failure to file an appeal as instructed did not relate back to original claims of ineffective assistance of counsel for failure to pursue certain issues at sentencing). But cf. **Mandacina v. United States**, 328 F.3d 995, 1001 (8th Cir. 2003) (finding that amended claims arising from government's failure to disclose a police department's specific exculpatory report related back to original claims alleging government failed to disclose exculpatory evidence, including that in possession of the same police department).

Accordingly, for the foregoing reasons,

---

[1]The one year period of limitations may be equitably tolled, however, if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time . . . [or] when the conduct of the defendant has lulled the plaintiff into action." **Kreutzer v. Bowersox**, 231 F.3d 460, 463 (8th Cir. 2000) (alterations added). "Any invocation of equity to relieve the strict application of a statute of limitations[, however,] must be guarded and infrequent, lest circumstances of the individualized hardship supplant the rules of clearly drafted statutes." **Jihad v. Hvass**, 267 F.3d 803, 806 (8th Cir. 2001) (alteration added). In the instant case, Petitioner has neither argued that the statute of limitations should be equitably tolled nor alleged any facts that would support such tolling.

**IT IS HEREBY ORDERED** that the motion of petitioner Robert L. Trotter, Jr., to amend his 28 U.S.C. § 2254 petition is **DENIED**.  [Doc. 10]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of May, 2005.