UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. TROTTER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:03CV317 CDP |
| | ) |
| DAVE DORMIRE, et al., | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on the petition of Robert L. Trotter for a writ of habeas corpus under 28 U.S.C. § 2254. I referred this matter to United States Magistrate Thomas C. Mummert, III for a report and recommendation on all dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1). On December 1, 2005, Judge Mummert filed his recommendation that the petition of Mr. Trotter for a writ of habeas corpus be denied. After I granted him an extension of time, petitioner filed his objections to Judge Mummert's report and recommendation on December 22, 2005.

I have conducted de novo review of all issues in this case, and have reviewed the record, evidence, and all arguments raised by the parties. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Mummert set forth in support of his Report and Recommendation of December 1, 2005.

Petitioner's objections do not raise any new issues not considered in full by the Magistrate Judge. Petitioner fails to show any prejudice to support his claim of ineffective assistance of trial counsel and his claim of prosecutorial misconduct is procedurally barred.

In his objections, petitioner notes that he requested his habeas corpus claims be reviewed "within the manifested injustice standard." Neither his petition nor his objections make clear exactly what standard he is referring to. There is a manifest injustice exception to the law of the case doctrine which applies when new evidence is discovered such that prior findings of a court are not binding when the decision was clearly erroneous and would work a manifest injustice. See Dobbs v. Zant, 506 U.S. 357, 359 (1993). That does not appear to have any application here. He may be referring to the Missouri standard for correction of plain error, which provides that "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Missouri Supreme Court Rule 29.12(b). Or he may be using the term "manifested injustice" as a generic claim. In any event, there is no evidence that any manifest injustice occurred here. To the contrary, there was ample evidence supporting petitioner's conviction, and he has failed to present any claims that would justify habeas relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge [# 20] be adopted in its entirety, and the petition of Robert L. Trotter for a writ of habeas corpus be **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued, as none of the grounds raised present issues on which reasonable jurists could differ.

A separate judgment will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of January, 2006.